**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **RANDY K. ALLEGOOD,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 7:08-cv-140 (HL) |
| | : |
| **MICHAEL J. ASTRUE,** | : |
| **Commissioner of Social Security,** | : |
| | : |
| Defendant. | : |
| | : |

_____

## ORDER

Plaintiff, Randy K. Allegood, filed a Motion for Remand Due to Incomplete Transcript (Doc. 9), in which he argued that the quality of the record of the testimony of Dr. Edwin Bryan, a critical medical expert relied on by the Administrative Law Judge (ALJ), is so poor that he is unable to challenge the testimony of the expert on appeal.  Plaintiff asks that the matter be remanded to the Commissioner of Social Security for the purpose of holding a new hearing and creating a new and complete transcript.

The Commissioner has responded to the Plaintiff's Motion to Remand by filing his own Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 11).  In his Motion, the Commissioner does not address Plaintiff's claim regarding the quality of the transcript.  The Commissioner's Motion asks that the case be remanded "for further action" and notes that on remand, the ALJ will be instructed to, among other things, fully consider the opinion evidence from all medical sources and, if necessary, obtain testimony from a medical expert regarding an earlier onset of disability.   The relief sought by the

Commissioner's Motion, if granted, does not, however, insure that the relief sought by Plaintiff's Motion will also be available to him.

In view of the foregoing, therefore, the Court grants both Motions.   The Commissioner's decision is reversed under sentence four of 42 U.S.C. § 405(g) and the case is remanded for further administrative action.   On remand, the ALJ is directed to 1) reconcile the ALJ's decision with a subsequent award of disability; 2) fully consider the opinion evidence from all medical sources and provide adequate reasons for the weight accorded to each opinion in accordance with Agency policy; 3) if necessary, obtain testimony from a medical expert regarding an earlier onset of disability; and 4) if necessary, present a hypothetical question to a vocational expert that comprises all limitations supported by the record, and elicit jobs that meet these limitations. It is further ordered that the ALJ may not rely on the testimony of Dr. Edwin Bryan unless such testimony is obtained in a new hearing, following which a new and complete record of his testimony is made.   Let judgment be entered accordingly.

SO ORDERED, this 2nd day of March, 2009.


s/  Hugh Lawson
HUGH LAWSON, SENIOR JUDGE